W. B. HARRIS *v.* JAMES A. GAINES.

RESCISSION. *Lien of Execution.* The levy of an execution, without sale, but fixes a lien, attaching to the legal title, and is subject to any equity against the debtor, relating to the right of the grantor to rescind for duress or fraud.

FROM HUMPHREYS.

Appeal from the Chancery Court at Waverly.   G. H. NIXON, Ch.

N. N. COX for complainant.

T. L. LANIER for defendant.

MCFARLAND, J., delivered the opinion of the court.

The bill in substance charges that on the 12th day of July, 1877, the complainant entered into a contract with the defendant, Gaines, and in pursuance of that

contract conveyed to said Gaines and the defendant, Morris, a small tract of land in Humphreys county, and gave them his two obligations for $150, due respectively in two and three years after date, one of which he has paid to their assignee, and on the other he has paid $100, in consideration of all which said Gaines made to complainant a deed for certain lands which he claimed he and Morris owned in Missouri, but Morris did not join in the deed. That in this transaction a gross fraud was committed upon him; that Gaines represented that the title to the land in Missouri was clear and unencumbered, and in their possession, and suggested to complainant, who resided in this State, to write to certain parties, named by Gaines, for information, he, Gaines, having in the meantime fraudulently suggested to these parties the answers to return, so as to deceive and mislead the complainant. He charges that on investigation he found that Gaines and Morris really owned no land in Missouri. The land Gaines proposed to convey had never been paid for, a vendor's lien existed thereon, and they were not in possession; so that complainant would, in reality, have to purchase the land again before he could get any title or possession.

After the complainant had conveyed his land to Gaines and Morris, the defendant, Lucas, who had a judgment against Gaines, caused execution to be levied on the land, and was proceeding to have it condemned, when Gaines filed his bill enjoining a condemnation, which bill is still pending.

The prayer is for a rescission, and that the cause

be consolidated and heard with the cause of Gaines and Lucas.

Lucas filed a demurrer, assigning four causes, two of which, the third and fourth, were sustained by the Chancellor, and the bill dismissed as to him. The complainant has appealed. These two causes of demurrer are substantially the same, to-wit: That the bill shows that the complainant, after he had been fully informed as to the fraud, entered into other arrangements and contracts with Gaines, fully ratifying and confirming the contract now sought to be rescinded. This is predicated upon the following statements of the bill, to-wit: "When your orator had been fully informed of these facts, said Gaines proposed and promised to pay off the encumbrances on the land, and did convey to your orator a small tract of land in part pay for the wrongful fraud he had practiced on him, and faithfully promised to clear the title to said land in Missouri. This he has utterly failed to do, and still holds the property of your orator." Whether this amounted to a ratification and confirmation of the previous contract, it would, perhaps, not be safe to determine upon the above imperfect statement, which is all the bill contains upon the subject. This defense would be as conclusive in favor of Gaines and Morris as in favor of Lucas. They, however, have made no defense, so far as appears from the record now before us, and in this view we think the demurrer should have been overruled, leaving the question of ratification to be determined when the facts shall have been more fully disclosed upon answers and proof.

Another ground of demurrer assigned is, that it not being alleged that Lucas had knowledge of the fraud, the levy of his execution gave him a right prior to the claims of the complainant. This ground of demurrer was not acted upon by the Chancellor, and in strictness, perhaps, we need express no opinion upon it. It being alleged that Gaines has a bill pending to enjoin the execution of Lucas, it may become unnecessary to decide the question. If Lucas's levy gave him priority, that right may be enforced on final decree without now discussing the bill as to him. However, the weight of authority and reason is, we think, that the mere levy of an execution without sale fixes a lien attaching to the legal title, and this is subject to any equity against the debtor, relating to period of time prior to the levy, and such levy is not a superior lien to the right of the grantor to rescind for duress or fraud. See Freeman on Judgments, sec. 356, citing 12 Wallace. Some authorities go even so far as to hold that a purchaser under such execution would take subject to such right. See *Click* v. *Click*, 1 Heis., 612, and authority there cited. But this was doubted in *Morgan* v. *Arendale*, 5 Sneed, 703. The case of *Dickson, Clark & Co.* v. *Culp*, Legal Rep., May, 1877, is different, as in that case it was not sought to recover the property, but to recover the proceeds from an attaching creditor who had attached and sold the property for his debt.

Decree reversed and demurrer overruled, Lucas paying costs of this court.